930

MARY NEWLAND, an Infant, by LEROY NEWLAND, as Guardian ad Litem, Plaintiff, v. ROSE LUPPINO, Defendant.

STELLA NEWLAND, an Infant by LEROY NEWLAND, as Guardian ad Litem, Plaintiff, v. ROSE LUPPINO, Defendant.

LEROY NEWLAND, Plaintiff, v. ROSE LUPPINO, Defendant.

Supreme Court, Ontario County, July 15, 1942.

*Max G. Morris*, for the plaintiffs.

*Winchell, Macken & Goldwater*, for the defendant.

VAN VOORHIS, J. The above-entitled negligence actions arise out of the same automobile accident in which defendant's automobile was involved. It was not operated by defendant, who was not in the automobile at the time of the accident. It was driven by James F. Luppino, who is now in the military service of the United States, having been stationed recently at Camp

Stewart, Ga. Plaintiffs apply to take his deposition, not for the reason that his testimony is material and necessary to the prosecution of their causes of action, but to deprive defendant of an excuse to apply for postponement of the trial when Trial Term convenes on October 5, 1942, by reason of the absence of this witness. Depositions of witnesses or adverse parties can be ordered only where material and necessary to the prosecution or defense of actions. (Civ. Prac. Act, § 288.) The testimony of defendant's driver is doubtless material and necessary to defendant's defense of the actions, but it is not material and necessary to the prosecution thereof by the plaintiffs. Consequently this motion must be denied. This does not solve the special problem which has given rise to this application due to the absence in the military service of a witness who is material and necessary to the opposing party. Plaintiffs are anxious to obtain an early trial of the actions which already would have been reached for trial according to their dates of issue except for the unavoidable absence of this witness. Plaintiffs are liable to suffer injustice if the enforcement of their claims must be postponed for the duration of the war. On the other hand, defendant cannot proceed to trial without either the testimony or the deposition of the man who was driving her automobile at the time of the accident. At the present time it is believed by counsel that this witness can obtain a furlough and return to this city to be examined orally before trial. It is uncertain whether that will still be possible after Trial Term convenes in October. Defendant objects to taking his testimony in advance of the trial either orally or upon written interrogatories without knowing first what the testimony of the plaintiffs and their witnesses will be. Not unreasonably defendant's counsel argues that he cannot take the testimony of the driver of defendant's car to meet the plaintiffs' evidence until he knows what that evidence is to be. Plaintiffs' counsel upon the argument of this motion has offered in open court to stipulate to allow the oral testimony to be taken forthwith of all of the witnesses who will testify in plaintiffs' behalf with reference to the occurrence of the accident, and further to stipulate not to call any other witnesses at the trial of the actions on the subject of negligence so as to make it possible to take the defendant's driver's deposition. If that is done there would appear to be no reason on account of which defendant could not thereafter take the testimony as soon as possible of the driver of the defendant's automobile to be read at the trial of the actions with the same force and effect as though he were present testifying under oath if at that time he be unavailable. Obviously, at this time the court has no power to insist upon such procedure being taken. No doubt

the justice presiding at the Trial Term in October will have power in his discretion to order the actions to proceed to trial if the defendant has not made reasonable effort under the circumstances of the case to obtain the testimony by deposition of the driver of defendant's automobile. Discretion in that matter will be exclusively that of the Trial Term, and it does not rest in the province of the Special Term upon this motion to provide how that discretion shall be exercised. It suffices now to call the attention of counsel to the circumstance that a factor entering into the exercise of discretion by the Trial Term in disposing of the actions will undoubtedly be the reasonableness of the effort made under the circumstances of the case to procure the testimony by deposition of the driver of the automobile in advance of the trial.